UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

                                                   X

THE NEW YORK TIMES COMPANY and       :
CHARLIE SAVAGE,

                        Plaintiffs,      :

                            v.          :      **COMPLAINT**

UNITED STATES CENTRAL COMMAND,      :

                        Defendant.     :
_____X

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by and through its undersigned attorneys, allege as follows:

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of an agency record from the United States Central Command ("CENTCOM") in response to a request properly made by Plaintiffs (jointly, "The Times").

### PARTIES

2.     Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

3.     Plaintiff Charlie Savage is a reporter for *The New York Times* newspaper.

4.     Defendant CENTCOM is one of the unified combatant commands of the Department of Defense ("DOD") and has possession and control of the record that Plaintiffs seek.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 and 5 U.S.C. § 552(a)(4)(B).

6.      Venue is premised on Plaintiffs' place of business and is proper in this district

under 5 U.S.C. § 552(a)(4)(B).

7.      FOIA requires that agencies respond to FOIA requests within 20 business days.

*See* 5 U.S.C. § 552(a)(6)(A).

8.      Defendant CENTCOM has failed to meet the statutory deadlines set by FOIA. *See*

5 U.S.C. § 552(a)(6)(A)–(B). Plaintiffs are therefore deemed to have exhausted all administrative

remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

9.      On August 29, 2021, CENTCOM carried out a drone strike that killed ten

civilians in Kabul, Afghanistan. The drone strike's target was a white Toyota Corolla. *See*

Matthieu Aikins & Najim Rahim, *Afghan Family Says Errant U.S. Missile Killed 10, Including 7*

*Children*, N.Y. Times (Sept. 21, 2021),

https://www.nytimes.com/2021/08/30/world/asia/afghanistan-drone-attack-ISIS.html.

10.     Military officials initially described the drone strike as "righteous" and justified

the strike by asserting that the military had intelligence indicating that the white car was an

imminent threat to the Kabul Airport. Officials asserted that the car was suspicious because it

allegedly had left a compound that was believed to be a safe house associated with Islamic State

Khorasan, an ISIS affiliate, and was carrying explosives. Eric Schmitt, *Military Analysis Raises*

*Questions About Deadly Drone Strike in Kabul*, N.Y. Times (Sept. 5, 2021),

https://www.nytimes.com/2021/09/05/us/politics/military-drone-strike-kabul.html.

11.     The Pentagon has since acknowledged that the drone strike was a mistake. *See* Eric Schmitt & Helene Cooper, *Pentagon Acknowledges Aug. 29 Drone Strike in Afghanistan Was a Tragic Mistake that Killed 10 Civilians*, N.Y. Times (Oct. 3, 2021), https://www.nytimes.com/2021/09/17/us/politics/pentagon-drone-strike-afghanistan.html.

12.     On September 8, 2021, Mr. Savage submitted a FOIA Request ("the Request") to CENTCOM, seeking "the aerial footage of the August 29 drone strike in Kabul, starting five minutes before the drone began tracking the white car and ending five minutes after the strike."

13.     On September 8, 2021, CENTCOM acknowledged receipt of the Request.

14.     As of the date of this filing, CENTCOM has not communicated in any way with The Times since sending its acknowledgement.

## FIRST CAUSE OF ACTION

15.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

16.     Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

17.     Defendant has failed to meet the statutory deadlines of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

18.     Defendant is permitted to withhold records or parts of records only if one of FOIA's enumerated exemptions apply.

19.     No exemptions permit the withholding of the record sought by the Request.

20.     Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce the record responsive to the Request.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

21.     Declare that the record sought by the Request, as described in the foregoing paragraphs, is public under 5 U.S.C. § 552 and must be disclosed;

22.     Order Defendant to undertake an adequate search for the requested record and provide the record to Plaintiffs within 20 business days of the Court's order;

23.     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

24.     Grant Plaintiffs such other and further relief as this Court deems just and proper.


Dated: New York, New York
       October 7, 2021

/s/ David E. McCraw
David E. McCraw
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*