DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
SARAH S. NORMAND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2709
Facsimile: (212) 637-2730
Sarah.Normand@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
THE NEW YORK TIMES COMPANY and
CHARLIE SAVAGE,

        Plaintiffs,                          21 Civ. 8297 (LGS)

       v.                                   **ANSWER**

UNITED STATES CENTRAL COMMAND,

        Defendant.
---------------------------------------------------------------x

       Defendant the United States Central Command ("CENTCOM"), by its attorney Damian Williams, United States Attorney for the Southern District of New York, answers the complaint upon information and belief as follows:

       1.    The allegations in paragraph 1 constitute a characterization of this action, to which no response is required. To the extent a response is required, denies the allegations in paragraph 1, except admits that this action is putatively brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

       2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Admits that CENTCOM has possession of the requested record. The remaining allegations in paragraph 4 constitute legal conclusions to which no response is required.

5. The allegations in paragraph 5 constitute legal conclusions as to jurisdiction, to which no response is required.

6. The allegations in paragraph 6 constitute legal conclusions as to venue, to which no response is required.

7. The allegations in paragraph 7 constitute legal conclusions, to which no response is required.

8. Denies the allegations in the first sentence of paragraph 8. The allegations in the second sentence of paragraph 8 constitute legal conclusions, to which no response is required.

9. Admits that U.S. forces carried out a strike in Kabul, Afghanistan on August 29, 2021, that the target of the strike was a vehicle, and that the strike resulted in the unintended deaths of ten civilians. To the extent paragraph 9 cites a newspaper article, no response is required. The Court is respectfully referred to the cited article for a true and complete statement of its contents.

10. The allegations in paragraph 10 constitute characterizations of statements by "officials" as reported in a newspaper article. The Court is respectfully referred to the cited article for a true and complete statement of its contents.

11. Admits the allegations in paragraph 11, and avers that the strike was a tragic

mistake.   To the extent paragraph 11 cites a newspaper article, no response is required.   The Court is respectfully referred to the cited article for a true and complete statement of its contents.

12.   Admits that plaintiff Charlie Savage submitted a FOIA request to CENTCOM on or about September 8, 2021, and respectfully refers the Court to that FOIA request for a true and complete statement of its contents.

13.   Admits the allegations in paragraph 13.

14.   Denies the allegations in paragraph 14, and avers that CENTCOM sent plaintiff an interim letter on September 17, 2021.

15.   Repeats, realleges, and reincorporates its responses to the foregoing paragraphs as though fully set forth herein.

16.   The allegations in paragraph 16 constitute legal conclusions to which no response is required.

17.   Denies the allegations the first sentence of paragraph 17.   The remaining allegations in paragraph 17 constitute legal conclusions to which no response is required.

18.   The allegations in paragraph 18 constitute legal conclusions to which no response is required.

19.   Denies the allegations in paragraph 19.

20.   Denies the allegations in paragraph 20.

21-24.   The remainder of the complaint contains a request for relief, to which no response is required.   To the extent a response is deemed required, CENTCOM denies the allegations contained in the remainder of the complaint and states that plaintiffs are not entitled to the requested relief or any relief whatsoever.

CENTCOM denies all allegations in plaintiffs' complaint not expressly admitted or denied.

## DEFENSES

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The requested record is exempt from disclosure.  *See* 5 U.S.C. § 552(b).

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over plaintiffs' request for relief that exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

CENTCOM may have additional defenses which are presently unknown but may be ascertained at a later time.  CENTCOM reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, defendant is entitled to judgment dismissing plaintiffs' complaint with prejudice and granting such further relief as the Court deems just, including costs and disbursements.

Dated: New York, New York
November 10, 2021

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By:     /s/ *Sarah S. Normand*
SARAH S. NORMAND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: 212.637.2709
Fax: 212.637.2730
E-mail: sarah.normand@usdoj.gov